IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:19-cr-00959-AGF |
| | ) |
| PRESTON Q. HOWARD, | ) |
| | ) |
| Defendant. | ) |

**Motion for Prehearing Detention and Hearing**

The United States of America—by and through United States Attorney Sayler A. Fleming and Assistant United States Attorney Mohsen Pasha—moves to detain Defendant pending a revocation hearing and requests that a detention hearing be held three days from the date of Defendant's initial appearance, under 18 U.S.C. § 3141, et seq. and Rule 32.1 of the Federal Rules of Criminal Procedure. In support, the government states as follows:

1. Defendant has failed to comply with the instructions of his probation officer and the requirements of his supervised release, and revocation of his supervised release has been requested. *See* Doc. 45.

2. Under Rule 32.1(a)(6), "[t]he magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings." In turn, § 3143(a)(1) says in pertinent part that "the judicial officer **shall** order that a person . . . be detained, **unless** the judicial officer finds by **clear and convincing evidence** that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." (Emphasis added.) Indeed, Rule 32.1(a)(6) explains that "[t]he burden of establishing by clear and convincing

1

evidence that the person will not flee or pose a danger to any other person or to the community rests with the person."

3. Here, Defendant cannot meet that burden. As reflected in revocation petition, Defendant has shown that he is not amenable to the Court's supervision by violating various conditions of his supervised release. Specifically, Defendant wishes to dictate the manner in which he is supervised, which simply would not be acceptable if he were released on bond. As background, on October 1, 2024, the district court modified Defendant's conditions of supervised release to require him to participate in a sex offense specific treatment program. Doc. 42. At the same time, the parties were litigating a collateral issue as to whether Defendant could access the testing materials involved in his underlying sex offender assessment. Doc. 43.

4. While that litigation was pending, the condition that Defendant participate in a sex offense specific treatment program was still in place and the Probation Office directed him to participate. Doc. 45 at 3-4. Defendant refused, telling two providers that he would only participate if he received the testing materials. *Id.* Defendant's position, however, was contrary to the district court's order and the Probation Office's repeated instructions.

5. In refusing to participate, Defendant threatened to sue both providers and made belligerent comments to those providers and to the Probation Office. Although those threats and comments were not violent, Defendant has a history of making belligerent threats that turn violent. His underlying conviction is for obstruction of persons ins the free exercise of religious beliefs, after having threatened patrons at a mosque in Georgia. *See United States v. Howard*, 1:18-cr-0013 (S.D. Ga.), Doc. 2-1. And while on his first term of supervision, Defendant threatened to kill local law enforcement in Wright City, Missouri, resulting in defendant receiving a state conviction. *See State v. Howard*, 22BB-CR00153-01.

6.	This is all in addition to Defendant violating various other conditions of his supervised release, Doc. 45 at 1-2, further showing that he is not amenable to abiding by bond conditions. Ultimately, through his actions, Defendant has shown that he wants to conduct supervision on his own terms, as opposed to the Court's terms. Thus, Defendant cannot show by clear and convincing evidence that conditions can be fashioned to ensure his appearance and the safety of any other person or the community if released.

In conclusion, the Government requests this Court to order Defendant detained prior to a revocation hearing, and further to order a detention hearing three days from the date of Defendant's initial appearance.

Respectfully submitted,

SAYLER A. FLEMING
UNITED STATES ATTORNEY

/s/      *Mohsen Pasha*
Mohsen Pasha, #67373MO
Assistant United States Attorney
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I certify that on November 26, 2024, this document was filed electronically with the Clerk of the Court to be served by way of the Court's electronic filing system upon counsel of record.

/s/ *Mohsen Pasha*
ASSISTANT UNITED STATES ATTORNEY
Mohsen Pasha, #67373MO

3